Mr. Justice DAVIS
delivered the opinion of the court.
The substantial point of inquiry presented in this case is, to whom did the confirmation inure?
*261 The question which we are thus called on to answer, is not a new one. If it were, it would certainly not he free from difficulty. It has, however, been settled so long that it has become a rule of property, and it would produce infinite mischief to disturb it.
Two classes of claims were presented to the commissioners — one where the claimant exhibited with his claim evidence of a derivative title from the concedee, the other where he only produced the original concession without attempting to show his connection with it.
In the latter class of cases the claim, if confirmed, has been held to have the effect of a confirmation to the legal representatives of the person to whom the original concession was made. This ruling proceeds upon the theory that the commissioners passed upon nothing but the merits of the original concession, having no opportunity to pass upon the validity of anything else. Of this class, where no evidences of derivative title at all were filed with the concession is the case of Hogan v. Page.*
But where the claimant presented before the board, besides the original title, evidences of derivative title, it has been held that the commissioners decided upon both, and that the confirmation operated as a grant to the claimant, although his name was omitted in the form of confirmation. This was expressly ruled in Bissell v. Penrose.† The claim there was confirmed to Benito, Antoine, Hypolite, Joseph, and Pierre Vasquez, or their legal representatives, according to the concession. Rudolph Tillier presented the claim for confirmation and produced the concession, with written evidence of his title, which would appear to have been imperfect. It was argued there, as here, that the act of 1836 confirms only the Spanish concession in the abstract, but the court held otherwise, and decided that the title was confirmed to Tillier, the assignee, as claimant. Besides the general reasoning on which this opinion is based, the de *262 cision in Strother v. Lucas,* and the usages of the laud office are cited in support of it.
Shortly after the decision in Bissell v. Penrose, the case of Boone v. Moore† arose in Missouri. The confirmation in that case was to David Cole, or his legal representatives. The claim was filed by Jesse Richardson, who produced before the old board his derivative title-papers. The Supreme Court of Missouri held that the confirmation was to Richardson, and not to the legal representatives of Cole, on the authority of Bisseil v. Penrose, and this, too, while evidently doubting the propriety of that decision. The same point was again presented to the Supreme Court of Missouri in Carpenter v. Rannels,‡ with the same result. The record in that case shows that James Bankson, as assignee of John Butler, under an executory contract, claimed the land, and produced to the board the evidence upon which a confirmation was granted. The judgment of confirmation, however, was to John Butler or his legal representatives, but the court held, on the authority of Bisseil v. Penrose and Boone v. Moore, that the legal effect of this confirmation was to vest the title in Bauksou. The principles in this case are examined and adhered to in the case of the present plaintiffs against Labeaume’s heirs, reported in 45 Missouri, 139.
The case of Carpenter v. Rannells§ was brought to this court, and it was held, substantially, that Bankson, having presented the claim and filed his paper title with it, the confirmation inured to him, and that no other representative of Butler, whether hereditary or by contract, had any right, legal or equitable, to the premises in controversy.
It would seem that these eases should be decisive of the qnestiou at issue. Instead of this the plaintiffs seek to overturn the authority of Bisseil v. Penrose, on which all the cases rest. It is too late to question the soundness of that decision. To permit it to be done now would not only unsettle titles to which this decision is applicable, but weaken confidence in all titles in Missouri growing out of Spanish *263 concessions. There can be no hardship in applying the doctrine, of Bissell v. Penrose to the facts of this case. After the lapse of more than sixty years Labeaume’s title is disputed in behalf of persons who never appeared before the commissioners with any claim of their own. In that early day there must have been great ignorance among the people of the forms of legal papers. And this fact was, doubtless, considered by the commissioners in reaching the conclusion which they did.- They treated the papers of Labeaume as a transfer to him of all the interest that the heirs of Dodier had in the premises, and having the power to adjudicate the title to the claimant on such papers as he presented, their decision, having been confirmed by Congress, whether right or wrong, is final.
An attempt was made in this case to show that the persons from whom the plaintiffs seek to deduce their title were claimants before the board of commissioners, but this attempt wholly failed.* It is unnecessary to discuss the piece of evidence.introduced for this purpose, for the Supreme Court of Missouri in their opinion have said all that can be said on the subject.†
Judgment affirmed.

 22 Missouri, 55; Same Case, 32 Id. 68, and on error, 2 Wallace, 605.

 8 Howard, 317.

 6 Peters, 772 ; 12 Id. 458.

 14 Missouri, 420.

 45 Id. 584.

 19 Wallace, 138.

 See Statement, supra, p. 264.

 Connoyer v. Schaeffer, 48 Missouri, 166.